IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Tyeshia Miller,** *on behalf of herself and others similarly situated*, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) **Civil Action No.** |
| **Cobb Tactical Security, LLC, d/b/a CTS, LLC, Anthony Buntyn, and Raymond Cobb,** *individually*, | ) ) ) ) |
| **Defendants.** | ) ) |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Tyeshia Miller (hereinafter, "Plaintiff" or "Ms. Miller"), on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendants Cobb Tactical Security, LLC, d/b/a CTS, LLC (hereinafter "Cobb Tactical Security, LLC"), Anthony Buntyn, and Raymond Cobb, (collectively "Defendants") states and alleges as follows:

## **NATURE OF THE COMPLAINT**

1. Ms. Miller brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Miller brings this action on behalf of herself and all others similarly situated, against Defendants Cobb Tactical Security, LLC, Anthony Buntyn, and Raymond Cobb for unpaid overtime compensation, and related penalties and damages.

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

3. Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Ms. Miller seeks, on behalf of herself and all others similarly situated, declaratory relief; unpaid overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Tyeshia Miller is an adult resident of Memphis, Tennessee.

6. Upon information and belief, Defendant Anthony Buntyn is an adult resident of Memphis, Tennessee.

7. Upon information and belief, Defendant Raymond Cobb is an adult resident of Memphis, Tennessee.

8. Defendant Cobb Tactical Security, LLC, is a Tennessee-based corporation, and may be reached for service through its registered agent, Cobb Tactical Security, LLC, Administration, 203 Beale Street, Suite 305, Memphis, Tennessee 38103-3721.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. Defendant Cobb Tactical Security, LLC is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant Cobb Tactical Security, LLC.

11. Upon information and belief, Defendant Anthony Buntyn is an adult resident of Tennessee. Accordingly, this Court has personal jurisdiction over Defendant Anthony Buntyn.

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

12. Upon information and belief, Defendant Raymond Cobb is an adult resident of Tennessee. Accordingly, this Court has personal jurisdiction over Defendant Ray Cobb.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

14. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as Security Officers from three years prior to the commencement of this action to the present, who worked in excess of forty hours per week, and who were not paid at least one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

15. This Complaint may be brought and maintained pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are similar to collective action members or putative collective action members.

16. Plaintiff and putative collective action members are similarly situated because they worked as Security Officers, or under a different title with essentially identical job duties, worked more than forty hours per week, and were subject to Defendants' common practice, policy, or plan of failing to pay an appropriate overtime premium of one-and-one-half times the regular rate of pay for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

17. Cobb Tactical Security, LLC, is a private security company which provides armed and unarmed on-site security guard services throughout western Tennessee.

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

18. Upon information and belief, Defendant Raymond Cobb owns and manages the operations of Cobb Tactical Security, LLC.

19. Upon information and belief, Defendant Anthony Buntyn exercised authority and control over the schedule, assignments, and wages of Cobb Tactical Security, LLC's employees.

20. On or about July 24, 2022, Plaintiff Tyeshia Miller began working for Defendants as a Security Officer.

21. For the duration of her employment, Defendants paid Ms. Miller an hourly rate of $13.00.

22. For the duration of her employment, Ms. Miller and all those similarly situated recorded their hours worked each week by writing them on a time sheet and providing this timesheet to Defendants every Saturday.

23. During her first week of work, from July 24 to July 30, 2022, Ms. Miller worked every day for approximately twelve hours each day, or an estimated eighty-four hours in total.

24. From July 31 to August 3, 2022, Ms. Miller worked every day for approximately twelve hours each day, or an estimated forty-two hours in total.

25. From August 4 to August 7, 2022, Ms. Miller worked every day for approximately eight hours each day, or an estimated thirty-two hours in total.

26. On or about August 5, 2022, Defendants Anthony Buntyn gave Ms. Miller her first paycheck, for her hours worked during first week of work.

27. This first paycheck was for $1,092.00, and signed by Defendant Raymond Cobb.

28. This first paycheck compensated Ms. Miller at her regular hour rate for all her hours worked, and did not properly include an overtime premium, or wages at one-and-one-half times the regular rate of pay for the hours Ms. Miller worked over forty.

29. This first paycheck did not include mandatory federal withholding or deductions.

30. Following the receipt of her first paycheck, Ms. Miller asked her co-workers

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

whether their paychecks included the appropriate overtime and deductions.

31. Several of Ms. Miller's co-workers informed her that they were also paid at the straight time rate for all hours worked, despite regularly working substantial overtime.

32. On or about August 6, 2022, Ms. Miller text-messaged Defendant Anthony Buntyn notifying him that her paycheck did not include an overtime premium and requesting the appropriate pay for her overtime hours worked.

33. On or about August 8, 2022, Defendant Anthony Buntyn responded to Ms. Miller's text message and informed her that she would not be paid overtime.

34. On or about August 8, 2022, Ms. Miller resigned from her employment with Defendants because she refused to work for an employer who would not pay her legally-required overtime.

35.  On or about August 12, 2022, Defendant Raymond Cobb hand-delivered Ms. Miller her second paycheck for her final wages.

36. Similar to the first paycheck, this second paycheck did not compensate Ms. Miller for her overtime hours worked, did not include mandatory federal deductions or withholding, and was signed by Defendant Raymond Cobb.

37. Ms. Miller and all those similarly situated regularly worked seven days each week, for more than forty hours each workweek.

38. Defendants failed and refused to pay Ms. Miller and all those similarly situated overtime premiums for all hours worked over forty in any given workweek.

39. Defendants knew or should have known Ms. Miller and those similarly situated had worked and recorded substantial overtime hours but were not being paid an overtime premium as required by the FLSA.

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

40. Despite this knowledge, Defendants willfully failed to pay Ms. Miller and those similarly situated overtime pay for every hour worked over forty in a work week.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Ms. Miller realleges and incorporates all allegations above as if actually set forth herein.

42. At all relevant times, Cobb Tactical Security, LLC, was a covered "employer" engaged in interstate "commerce" with two or more employees handling materials that had previously moved in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i).

43. Companies which provide armed security guard services are usually subject to FLSA coverage because handguns are materials moved in interstate commerce, and "employees were handling the handguns for the employer's commercial purposes (providing security for clients)." *Dixon v. Maximum Sec. Serv.*, Ltd. Liab. Co., No. 2:08-cv-02746-STA-cgc, 2011 U.S. Dist. LEXIS 59660, at *14-15 (W.D. Tenn. June 3, 2011).

44. Upon information and belief, at all relevant times, Cobb Tactical Security, LLC, had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

45. At all relevant times, Raymond Cobb and Anthony Buntyn exercised the authority to: (a) hire and fire employees of Cobb Tactical Security, LLC; (b) determine the work schedules of the employees of Cobb Tactical Security, LLC; (c) determine the wages of the employees of Cobb Tactical Security, LLC; and (d) control the finances and operations of Cobb Tactical Security, LLC.

46. Given the level of control exerted over the operations Cobb Tactical Security, LLC,

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

Raymond Cobb was an "employer" meaning of the FLSA, 29 U.S.C. § 203(d).

47. Given the level of control exerted over the operations Cobb Tactical Security, LLC, Anthony Buntyn was an "employer" meaning of the FLSA, 29 U.S.C. § 203(d).

48. At all relevant times, Defendants employed Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(g).

49. The FLSA requires each covered employer, including Cobb Tactical Security, LLC, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

50. At all relevant times, Plaintiff and those similarly situated were non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213.

51. Defendants willfully failed and refused to pay Plaintiffs and those similarly situated overtime premiums for all hours worked over forty in any given workweek throughout the time in which they were employed by Cobb Tactical Security, LLC.

52. As a result of Defendants' failure to compensate Plaintiffs and those similarly situated at a rate of not less than one and one-half times their regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. § 207(a)(1).

53. Plaintiff expressly complained to Defendants that she was not properly compensated for her overtime hours. Defendants dismissed Plaintiff's complaint and did not correct their error.

54. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. The foregoing conduct, as alleged, also fails to meet the standard of good faith

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tyeshia Miller and those similarly situated pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue, pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiff Tyeshia Miller as Representative Plaintiff of the putative members of the FLSA representative action;

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

Respectfully submitted,


 s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b

## **DECLARATION AND VERIFICATION**

    I, **Tyeshia Miller,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Tyeshia Miller*

**Tyeshia Miller**

Date: 09 / 06 / 2022

Doc ID: a276b181c1cdcff419526dbb1ecf4dea84d79e2b



Audit Trail

| | |
|---|---|
| **TITLE** | Miller Complaint |
| **FILE NAME** | Miller - Collective Action Complaint.pdf |
| **DOCUMENT ID** | a276b181c1cdcff419526dbb1ecf4dea84d79e2b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**  
**09 / 06 / 2022**  
13:14:13 UTC-5  
Sent for signature to Tyeshia Miller (tyeshiamiller4@gmail.com) from jlc@cronelawfirmplc.com  
IP: 173.166.195.225

**VIEWED**  
**09 / 06 / 2022**  
13:54:43 UTC-5  
Viewed by Tyeshia Miller (tyeshiamiller4@gmail.com)  
IP: 172.58.147.23

**SIGNED**  
**09 / 06 / 2022**  
15:06:16 UTC-5  
Signed by Tyeshia Miller (tyeshiamiller4@gmail.com)  
IP: 107.77.235.11

**COMPLETED**  
**09 / 06 / 2022**  
15:06:16 UTC-5  
The document has been completed.

Powered by HELLOSIGN