# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **Tyeshia Miller,** *on behalf of herself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) Civil Action No. 2:22-cv-02584 |
| **Cobb Tactical Security, LLC, d/b/a CTS, LLC, Anthony Buntyn, and Raymond Cobb,** *individually*, | ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff Tyeshia Miller, by and through counsel, files this Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support ("the Motion"). In support of her Motion, Plaintiff respectfully states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought by Plaintiff as a collective action under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all other similarly situated. Plaintiff alleges that Defendant failed to pay her and her co-workers overtime compensation as required under the FLSA. (*See generally* ECF # 1.) Defendants deny these allegations and further deny that they violated the FLSA in any respect whatsoever. (ECF # 10.)

The Parties engaged in early settlement discussions and determined that given the modest amount of damages claimed by Plaintiff, it would be to the advantage of both sides to avoid protracted discovery. This was underscored by the small number of potential opt-ins and the

1

precarious financial condition of Cobb Tactical Security, LLC. Accordingly, Plaintiff agreed not to further pursue a collective action and Defendant agreed to pay Plaintiff her claimed damages, fully liquidated, and to compensate her counsel partially for his time in bringing this suit.

Because the parties wish to avoid expending additional resources on this matter, they now seek an order approving the agreed-upon resolution of the parties. This resolution releases and resolves any and all claims relating to this matter as they pertain to Ms. Miller only. Defendant understand that this settlement does not preclude other unnamed individuals from asserting similar claims going forward.

Because under the FLSA the parties may seek the Court's approval, Plaintiff hereby submits the proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Plaintiff respectfully requests that the Court review the agreed-upon resolution under the standards set forth in *Lynn's Food Stores* and the FLSA.

## LAW AND ANALYSIS

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?
2. Was the plaintiff represented by attorneys who can adequately protect her rights?
3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. The parties submit to the Court that the terms

of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to the amount of damages owed under the FLSA. Indeed, under the terms of the agreement Ms. Miller is receiving her best estimate of unpaid overtime compensation, fully liquidated ($1,268.00 total).[1]

With the Court's approval, the parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs. The parties have attached hereto as *Exhibit A* their proposed settlement agreement and release of claims.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order forthwith granting her Motion, approving the parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice as to named Plaintiff only, based upon the parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Motion.

---

[1] In addition, an award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive $4,232.00 in fees and expenses, considerably less than Plaintiff's counsel's lodestar amount to date.

[2] The parties have executed the settlement agreement.

Respectfully Submitted,

*s/Philip Oliphant*
Alan G. Crone, TN Bar No. 14285
Philip E. Oliphant, TN Bar. No. 25990
**The Crone Law Firm, PLC**
88 Union Avenue, 14th Floor
Memphis, TN 38103
(901) 737-7740 (voice)
(844) 445-2387
(901) 474-7926 (fax)
*poliphant@cronelawfirmplc.com*

*Attorneys for Plaintiff*

### Certificate of Service

This is to certify that I, the undersigned, this 15th day of December, 2022, have served a true and exact copy of the foregoing pleading upon the following via email and/or regular mail with sufficient postage thereon to carry same to its destination: Raymond Cobb, Anthony Buntyn, and Cobb Tactical Security.

*Philip Oliphant*
Philip Oliphant

Respectfully submitted,

/s/Philip Oliphant
Alan G. Crone, TN # 014285
Philip Oliphant, TN # 025990
*Admitted pro hac vice*
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
Telephone: (901) 737-7740
Facsimile: (901) 474-7926
poliphant@crownlawfirmplc.com

*Attorneys For Plaintiff*

## DECLARATION AND VERIFICATION

    I, **Eddie Ray, Jr.**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Eddie Ray, Jr.**

Date: _____