IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TYESHIA MILLER, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COBB TACTICAL SECURITY, LLC, )<br>d/b/a CTS, LLC, et al., )<br>)<br>Defendants. ) | No. 2:22-cv-02584-SHL-atc |

**ORDER GRANTING MOTION FOR ORDER APPROVING
RESOLUTION OF FLSA CLAIMS**

On September 6, 2022, Plaintiff Tyeshia Miller filed a Complaint against Defendants Cobb Tactical Security, LLC, Anthony Buntyn, and Raymond Cobb, alleging violations of the Fair Labor Standards Act ("FLSA"), 20 U.S.C. § 201 et seq. (ECF No. 1.)

In their Motion for Order Approving Resolution of FLSA Claims, (ECF No. 20), the Parties seek approval of their proposed Settlement Agreement and General Release (the "Settlement"). (ECF No. 20-1.) For the following reasons, the Court **GRANTS** the Motion.

**BACKGROUND**

The Complaint alleges that Defendants failed to pay Miller proper overtime compensation while she worked as an hourly-paid employee at Defendants' security firm in Memphis, Tennessee. (ECF No. 1 at PageID 4.) Specifically, Miller alleges that she worked an estimated 84 hours between July 24 and 30, 2022, an estimated 42 hours between July 31 and August 3, 2022, and an estimated 32 hours between August 4 and August 7, 2022. (Id. at PageID 4.) Miller later received her first paycheck, signed by Defendant Cobb, for a total of $1,092, which allegedly did not contain an overtime premium or deduct mandatory federal

withholding or other deductions. (Id.) Miller's co-workers allegedly informed her that their paychecks also lacked overtime premiums and, around August 6, 2022, Miller confronted Defendant Buntyn about this deficiency. (Id. at PageID 5.) Miller alleges that Buntyn responded that she was not entitled to any overtime, a response which led to Miller's resignation. (Id.) Miller received a second, final paycheck, which she alleges also contained the same aforementioned deficiencies. (Id.)

Miller commenced this suit on behalf of herself and other similarly situated employees, alleging that Defendants' failure to compensate her and Defendants' other employees violates the FLSA and that they suffered lost wages as a result. (Id. at PageID 6.) The Parties filed their Motion for Order Approving Resolution of FLSA Claims on December 15, 2022, (ECF No. 20), before Miller moved for FLSA conditional certification and no other employees opted in. According to the Settlement, Defendants agree to pay Plaintiff: (1) $634 in 1099 reportable income characterized as compensatory damages; (2) $634 characterized as back pay, for which Miller will receive a Form W-2; and (3) $4,232 in attorneys' fees. (ECF No. 20-1 at PageID 99.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350,

1352–53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

A. Reasonableness of the Settlement

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement is a fair and reasonable resolution of a bona fide FLSA dispute. On the first and second elements, the Settlement was reached in an adversarial context with Plaintiff, represented by experienced counsel, filing her Complaint and Defendants, albeit unrepresented, responding and fully denying her claims.[1] (See ECF Nos. 1 & 10.)

---

[1] The Court notes a peculiarity of this case, however, in that Defendants are pro se. First, Cobb Tactical Security, LLC, is named as a Defendant in Miller's suit. (See ECF No. 1.) Typically,

On the third element, the Court finds the Settlement fair and reasonable. Miller is receiving "her best estimate of unpaid overtime compensation, fully liquidated, ($1,268.00 total)." (ECF No. 20 at PageID 95.) As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Though little progress has been made in the case, the relatively low amount of backpay estimated by Miller vitiates against requiring the Parties to proceed through additional discovery and thus incurring additional costs. Finally, Miller's counsel indicates support for the Settlement by filing this Motion. (Id.)

B. Attorneys' Fees

The Settlement also awards Plaintiff's counsel $4,232 in attorneys' fees. (ECF No. 20-1 at PageID 99.) "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory but the amount of the award is within the discretion of the judge." Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted). A reviewing court must assess plaintiffs' attorney's fees, "even when the fee is negotiated as part of a settlement rather than judicially determined." Thompson v. United Stone, LLC, No. 1:14-CV-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (quoting Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)). The reviewing court should not place significant weight on the balance between the amount of attorney's fees in relation to that recovered by plaintiffs as significant fees may be justified even if plaintiffs only recover a nominal amount. Fegley, 19 F.3d at 1135; see also, Thompson, 2015 WL 867988, at *2 ("the possibility of attorney's fees that eclipses any

---

LLCs are denied the right to self-representation in federal court under 28 U.S.C. § 1654. See Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007); United States v. Hagerman, 545 F.3d 579 (7th Cir. 2008). However, Cobb Tactical Security is a single-member LLC and, according to Miller's Complaint, is owned and operated by Raymond Cobb, who is also a named Defendant. The Court's concern that Cobb Tactical Security may not have had adequate, or even required, representation in negotiating this Settlement is sufficiently alleviated given that its sole member participated in the negotiations and signed the ultimate agreement.

4

overtime pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims").

Plaintiffs' counsel submitted a timesheet and affidavit informing the Court that he and another attorney at his firm, Hannah Strong, spent 11.6 hours and 11.65 hours on this matter, respectively. (ECF No. 22 at PageID 108.) Counsel's standard billing rate is $365 and Ms. Strong's is $225. (Id.) Together, these hours and rates result in a lodestar amount of $6,855.25 for this case and the firm incurred an additional $600.46 in litigation expenses. (Id. at PageID 109.) The Court finds that the hours spent and rates charged by Plaintiff's counsel are reasonable. Moreover, even though the award of attorneys' fees is many times larger than the award for Miller, the substantial haircut that Plaintiff's counsel will take in the Settlement alleviates this concern.

C. Confidentiality Provision

As one final issue, the Settlement includes a confidentiality provision where "Miller agrees to keep the amount paid to her under this Agreement confidential, except that she may disclose the amount to her attorneys, accountants, taxation authorities, and her immediate family . . ." (ECF No. 20-1 at PageID 100.)

"Courts across the country have found that the Congressional intent behind FLSA, as well as significant public policy considerations, argue against approving confidential settlements." Scott v. Titlemax of Tenn., LLC, No. 2:13-cv-2710-SHL-dkv, 2015 WL 12516225, at *1 (W.D. Tenn. May 8, 2015) (citing Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011)). While some courts have held that these provisions "contravene the FLSA's objective of transparency," others have held that they "do not necessarily render settlement agreements inadequate under the FLSA." Thomas v. Dania Mgmt. Grp., Inc., No.

5

2:18-cv-02771-TLP-dkv, 2019 WL 11583347, at *2 (W.D. Tenn. Aug. 30, 2019) (collecting cases).

Were this Settlement submitted to the Court for approval under seal, the Court would be far more concerned about this confidentiality provision. However, by filing this Settlement on the docket unsealed, it is publicly available. "This fact alone eliminates the transparency concerns against confidentiality provisions mentioned above." Thomas, 2019 WL 11583347 at *2. The Court, therefore, "declines to find that the confidentiality provision[] render[s] the settlement agreement[] inadequate under the FLSA." Id.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and the Settlement is therefore approved. Accordingly, Plaintiff Miller's claims against Defendants are **DISMISSED WITH PREJUDICE.** This dismissal does not affect the rights of any other employees to bring similar suits.

**IT IS SO ORDERED**, this 19th day of January, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE